Case 2:18-cr-01336 Document 458 Filed on 07/18/22 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CRIMINAL NO. 2:18-1336-8 |
| RAYMOND SHANE TOWNZEN,<br>Defendant. | §<br>§<br>§ | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Raymond Shane Townzen's Request for Compassionate Release and Application for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). D.E. 455.

### I. BACKGROUND

In 2019, Defendant pled guilty to conspiracy to possess with intent to distribute a synthetic cannabinoid. He has served 44 months (29%) of his 150-month sentence and has a projected release date, after good time credit, of October 21, 2029. Defendant previously moved the Court for a sentence reduction, claiming his seasonal allergies increased his likelihood of contracting COVID-19 in prison. D.E. 379. The Court denied the motion by written Memorandum Opinion & Order entered October 20, 2020, because seasonal allergies have not been identified by the Centers for Disease Control and Prevention (CDC) as a COVID-19 risk factor, and Defendant had offered no evidence that he suffers from any underlying medical condition that would make him particularly vulnerable to severe illness or death should he contract COVID-19. D.E. 381.

In his current motion, Defendant repeats his claim that his underlying medical condition—this time the fact that he is overweight—makes him particularly vulnerable to COVID-19. He also states that his wife and children need his support at home. Finally, he complains that he received a longer sentence than some of his codefendants. Defendant submitted an administrative request

1

for a sentence reduction based on the current COVID-19 pandemic on August 18, 2020. The warden at FCI Three Rivers denied the request on September 3, 2020. Defendant submitted a second request for a sentence reduction on September 9, 2020, also based on COVID-19, but it is unclear what response he received, if any.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that*—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13

nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness

---

1. **(A) Medical Condition of the Defendant.** –
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii) The defendant is—
        (I) suffering from a serious physical or medical condition,
        (II) suffering from a serious functional or cognitive impairment, or
        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   **(B) Age of the Defendant.** –
     The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

   **(C) Family Circumstances.** –
     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

   **(D) Other Reasons.** –
     As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements

4

> on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

### III. ANALYSIS

#### A. Extraordinary and Compelling Reasons

##### 1. COVID-19 Concerns

Defendant re-urges his motion for compassionate release because the fact that he is overweight makes him particularly vulnerable to severe illness or death should he contract COVID-19 in prison. According to the CDC's most recent COVID-19 risk factor list, being overweight "can make you more likely to get very sick from COVID-19." *See People with Certain Medical Conditions*, CDC (May 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The Government has previously acknowledged that an inmate who has not been offered a vaccine, who presents a condition on the CDC's list, presents an extraordinary and compelling reason allowing consideration of compassionate release. Defendant, however, is vaccinated against COVID-19. While the vaccine

5

is not 100% effective at preventing infection, it substantially reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions.

"Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit." *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021). Courts in this district have repeatedly denied compassionate release to inmates who have been vaccinated against COVID-19, "finding that 'vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection.'" *United States v. Rodriguez*, 2021 WL 2635381, at *4 (S.D. Tex. June 25, 2021) (quoting *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to inmate with underlying health conditions who had received first vaccine dose), and citing *United States v. Schad*, 2021 WL 1845548, at *3 (S.D. Tex. May 5, 2021) (denying compassionate release to 32-year-old inmate with aortic valve transplant and history of cerebrovascular disease who received both doses of the vaccine); *United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021) (denying compassionate release to high-risk inmate who was offered and refused the vaccine); *United States v. Wedding*, 2:19-CR-1693 (S.D. Tex. Apr. 8, 2021) (denying compassionate release to inmate who developed asymptomatic COVID-19 infection three weeks after receiving second vaccine)). Because Defendant is "at little-to-no risk of severe COVID-19 [] after receiving his second [vaccine] dose, there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case." *See United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021).[2]

---

2. Decisions across the country overwhelmingly agree that the risk posed by COVID-19 to a vaccinated inmate is not an extraordinary and compelling reason for release. *See, e.g.*, *United States v. Burks*, 2021 WL 1394857, at *3-4 (W.D.N.C. Apr. 13, 2021); *United States v. Gomez-Vega*, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021); *United States v. Burks*, 2021 WL 1291935, at *2 (D. Minn. Apr. 7, 2021); *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021); *United States v. Miller*, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021); 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021); *United States v. Decano*, 2021 WL 1095979, at *6 (D. Haw. Mar. 22, 2021); *United States v. Williams*, 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021); *United States v. Gabbard*, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Kosic*, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17,

### 2. Family Circumstances

Defendant further claims that his two oldest children (ages 10 and 12) were hospitalized due to complications from asthma and are trying to recover from COVID-19; his youngest daughter (age 4) has autism and needs her father's support; and his wife is awaiting a kidney transplant and must undergo dialysis four times a week. Defendant's first administrative request for compassionate release stated that he was not safe in a prison environment because the conditions for inmates created a grave risk of exposure to COVID-19, and his second request cited the general risk of COVID-19 in a prison environment. Neither request mentioned his wife or children.

"Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Gomez*, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (citing *United States v. Licciardello*, 2020 WL 1942787 (S.D. Tex. Apr. 22, 2020); *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020)). Because Defendant has failed to demonstrate that he has complied with the exhaustion requirements under § 3582 regarding his family circumstances, the Court is without jurisdiction to grant compassionate release on these grounds.

---

2021); *United States v. Stewart*, 2021 WL 1011041, at *1 (D. Haw. Mar. 16, 2021); *United States v. Godoy-Machuca*, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021); *United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021); *United States v. Cardoza*, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021); *United States v. Poupart*, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021); *United States v. Johnson*, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021); *United States v. Shepard*, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021); *United States v. Lipscomb*, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021); *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021); *United States v. Wakefield*, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021); *United States v. Ballenger*, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

### 3. Sentencing Disparity

Defendant next complains that he "was not granted any Departures of Motions, yet multiple co-Defendants were given minor-role," and he also received an enhancement for "mass marketing offense." D.E. 455, p. 9. Contrary to this assertion, the Court did grant defense counsel's motion for a variance and sentenced Defendant to a below-Guidelines sentence based on his role in the offense. Moreover, the evidence supported the mass marketing enhancement because Defendant utilized Facebook Messenger to facilitate the distribute of synthetic marijuana. Sentencing disparity between Defendant and other codefendants with less involvement in the conspiracy does not constitute an extraordinary and compelling reason warranting a sentence reduction.

### 4. Rehabilitative Efforts

Defendant states that he has held an inmate job and completed multiple First Step Act vocational programs while in custody. His rehabilitative efforts are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

**B.  Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors**

This case involved a conspiracy by nine individuals to manufacture and distribute synthetic marijuana, for which Defendant was held accountable for 44,440 kilograms of converted drug weight. His scored criminal history at the time of sentencing included convictions for deadly conduct and burglary of a habitation. He also had unscored convictions for interfering with the duties of a public servant, possession of marijuana, and reckless driving. Defendant has not submitted his inmate disciplinary records; however, he states that he has "a few prison infractions" and concedes that his "journey during his time of incarceration has not been perfect, nor has it been squeaky clean." D.E. 455, p. 8.

8

Based on the nature and circumstances of the offense of conviction, the weight of the evidence, and the danger to the community that would be posed by Defendant's early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Defendant when he has served less than a third of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with § 3553(a) and the applicable policy statements issued by the Sentencing Commission. Accordingly, Defendant's Request for Compassionate Release and Application for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 455) is **DENIED**.

It is so **ORDERED** this 18th day of July, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE